```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

CHARLES E. COUGHLIN, JR       )
and STAVROULA BOURIS,         )
        Plaintiffs,           )
                              )
        v.                    )  1:10-CV-10203-MLW
                              )
                              )
NATHAN LEVINSON, TRACY BUCK,  )
and JEFFREY THIELMAN,         )
        Defendants.           )
```

ORDER

WOLF, D.J.                                         October 23, 2013

For the reasons stated in court on October 21, 2013, it is hereby ORDERED that:

1. Defendants' Motion in Limine to Preclude Coughlin from Arguing or Attempting to Elicit Testimony that He Has Been Unable to Find Work as a Teacher Due to the Alleged Actions of Any of the Defendants (Docket No. 122) is DENIED.

2. Defendants' Motion in Limine to Preclude the Plaintiff, Charles Coughlin, from Contesting the Existence or Application of an "Acceptable Use Policy" for Use of the Arlington Public School Email Server (Docket No. 123) is ALLOWED.

3. The Defendants' Motion in Limine to Exclude the Report and Anticipated Testimony from Plaintiffs' Proposed Expert, Mark D. Rasch (Docket No. 124) is ALLOWED without prejudice to possible reconsideration at trial if it then appears that his proposed testimony is relevant to any particular documents and the defendants had fair notice of that testimony. See Licciardi v. TIG

Ins. Grp., 140 F.3d 357 (1st Cir. 1998).

4. Defendant's, Jeffrey Thielman, Motion in Limine to Preclude Plaintiffs from Making Any Argument or Attempting to Elicit Testimony via Direct or Cross-Examination that Thielman Ever Allegedly Asserted the "Unemployable Statement" (Docket No. 126) is DENIED.  If the defendants wish to depose any of the possible witnesses concerning this alleged statement -- Denise Burns, Sean Garley, and Joe Curren -- defendants shall inform plaintiffs by October 30, 2013, and the depositions shall be taken on November 6, 2013, or on any other date prior to November 9, 2013 upon which the parties agree.

5. Defendants' Motion in Limine to Preclude Evidence that the E-mails at Issue Were Accessed Criminally (Docket No. 130) is DENIED.

6. Defendants' Motion in Limine to Preclude Testimony of Plaintiffs' Proposed Expert, David G. Pitts (Docket No. 131) is DENIED.  However, the plaintiffs shall, by November 6, 2013, supplement Pitts' expert report to provide an amplified narrative of the assumptions on which his opinions are based and any revised calculations concerning damages.  If the defendants continue to object to Pitts' testimony, they may renew their motion by November 14, 2013 and plaintiffs shall respond by November 20, 2013.[1]

---

[1] These dates differ from those stated in court on October 21, 2013.

7. Defendants' Motion in Limine to Preclude Certain Evidence Regarding the E-mails at Issue (Docket No. 132) is DENIED.

8. Plaintiffs' Motion in Limine to Preclude Admission of the "Anonymous" Note (Docket No. 133) is ALLOWED IN PART and DENIED IN PART.  Defendant Tracy Buck may testify that she received an anonymous note and describe what she did as a result, but may not describe the purported content of the note.

9. Plaintiffs' Motion in Limine to Preclude Admission of the Emails (Docket No. 135) is DENIED.

10. Plaintiffs' Motion in Limine to Exclude Reference Relative to the Arbitration Proceedings (Docket No. 138) is ALLOWED IN PART and DENIED IN PART, without prejudice to reconsideration at or before trial.  Unless otherwise ordered, the parties may not introduce evidence that the arbitrator found that the terminations of plaintiffs' employment were each justified.  However, the parties may use at trial evidence from the arbitration proceedings, including transcripts.

11. By November 8, 2013, the parties shall file supplementary memoranda addressing whether the arbitrator's decision that the plaintiffs were not wrongfully terminated and/or the Superior Court's affirmance of that decision are admissible under Federal Rule of Evidence 803(8) and whether the court should take judicial notice, under Federal Rule of Evidence 201, of the Superior Court decision.  Responses shall be filed by November 15, 2013.  See

Herrick v. Garvey, 298 F.3d 1184 (10th Cir. 2002); Nipper v. Snipes, 7 F.3d 415 (4th Cir. 1993); United States v. Jones, 29 F.3d 1549 (11th Cir. 1994); Kowalski v. Gagne, 914 F.2d 299 (1st Cir. 1990); Taylor v. Charter Med. Corp., 162 F.3d 827 (5th Cir. 1998); Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66 (2d Cir. 1998).

    12.  By November 20, 2013, the parties shall meet and submit:

    (a) A list of: the witnesses they intend to call at trial, in the order of their expected testimony; the exhibits associated with each witness; and any objections to those exhibits.

    (b) Two sets of their proposed exhibits.  Electronic copies may also be filed.  Uncontested exhibits shall be labeled numerically, and exhibits as to which a party objects shall be labeled alphabetically.

    (c) A description of any material disputes concerning the proposed jury instructions.

    (d) A redacted form of the complaint, which may be given to the jury during trial.

    (e) A report on whether they have agreed to settle or otherwise resolve this case.

    13. By November 20, 2013, the plaintiffs shall file a proposed special verdict form.

    14. If necessary, a final pre-trial conference will be held on November 26, 2013, at 2:00 p.m.  Trial counsel with full settlement

authority and their client(s) shall attend.

15. Trial will commence on December 2, 2013, at 9:00 a.m.


                                         /s/ Mark L. Wolf
                                   UNITED STATES DISTRICT JUDGE